NO. 07-97-0374-CR
07-97-0375-CR
07-97-0376-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 17, 2002

_____

JOE LEE MACKEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 97-424935; 97-424936; 97-424937; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Joe Lee Mackey appeals from three convictions for delivery of cocaine, a controlled substance. We affirm the judgments.

In May of 1997, a Lubbock County grand jury indicted appellant on three separate charges of delivery of cocaine, a controlled substance. The indictment in Cause No. 97-424935 was for delivery of less than one gram on September 17, 1996. The indictment

in Cause No. 97-424936 was for delivery of less than four grams but at least one gram on August 19, 1996. The indictment in Cause No. 97-424937 was for delivery of less than four grams but at least one gram on September 26, 1997. The cases were consolidated and tried together.[1] The jury found him guilty on all three charges. The jury assessed punishment in the three matters now under consideration as follows: (1) in Cause No. 97-424935, our appellate cause number 07-97-0374-CR, confinement in the Texas Department of Criminal Justice, Institutional Division, for 15 years; (2) in Cause No. 97-424936, our appellate cause number 07-97-0375-CR, confinement in the Texas Department of Criminal Justice, Institutional Division, for 65 years; (3) in Cause No. 97-424937, our appellate cause number 07-97-0376-CR, confinement in the Texas Department of Criminal Justice, Institutional Division, for 65 years.

Appointed counsel for appellant has filed a Motion to Withdraw and a Brief in Support thereof as to the appeals. In support of the motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and that in the opinion of counsel, the record reflects no reversible error or grounds upon which a non-frivolous appeal can arguably be predicated. Counsel thus concludes that the appeal is frivolous.

---

[1]A fourth charge against appellant for possession of cocaine with intent to deliver was consolidated and tried with the three charges addressed by this opinion. The fourth conviction is not addressed by this opinion, but is the subject of a separate opinion in our cause No. 07-97-0373-CR.

In reaching the conclusion that the appeal is without merit, counsel advances three possible issues: (1) whether the trial court erred in overruling appellant's challenges for cause of members of the jury venire, (2) whether the trial court erred in overruling appellant's challenge to the State's use of two of its peremptory challenges to strike African-American members of the venire, and (3) whether a fatal variance existed between enhancement allegations of the indictment and trial proof when the indictment did not allege a final date for conviction of the enhancement offenses. Counsel has referenced, analyzed and discussed the record of the jury venire *voir dire* proceedings, the <u>Batson</u>[2] hearing concerning the State's reasons for its peremptory challenges to two African-American veniremembers, and the trial record. Counsel has likewise discussed why, under the controlling authorities, there is no reversible error in the trial court's judgments. See <u>High v. State</u>, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

Counsel has certified that a copy of the <u>Anders</u> brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of appellant's right to review the record and file a response to counsel's motion and brief. Appellant has filed a response to counsel's motion and brief. In his response, appellant urges the issues identified by his counsel in the <u>Anders</u> brief, but simply advances the position that the trial court erred in its rulings.

---

[2]<u>See</u> <u>Batson v. Kentucky</u>, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

3

The State has filed a brief in response to the brief of appellant's counsel and appellant's *pro se* response to his counsel's brief. The State concludes that the appeal presents no reversible error.

We have made an independent examination of the record to determine whether there are any arguable grounds meriting appeal. See <u>Penson v. Ohio</u>, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); <u>Stafford v. State</u>, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds. We agree that the appeal is without merit.

Accordingly, counsel's Motion to Withdraw is granted. The judgments of the trial court are affirmed.


Phil Johnson
Justice


Do not publish.